**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

FENDI ADELE, S.R.L.,

        Plaintiff,

vs.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

        Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Fendi Adele, S.r.l. ("Plaintiff" or "FENDI"), hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, selling, offering for sale, and/or distributing goods bearing counterfeits and confusingly similar imitations of FENDI's trademarks within this district through various Internet based e-commerce stores using the seller identities set forth on Schedule "A" hereto (the "Seller IDs"). In support of its claims, FENDI alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), and The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28

U.S.C. § 1367 over FENDI's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.      Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district, through at least the Internet based e-commerce stores accessible in Florida and operating under their Seller IDs.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, and/or selling infringing products to consumers in Florida.

## THE PLAINTIFF

4.      Fendi Adele, S.r.l. is a limited liability company organized and existing pursuant to the laws of Italy, with its principal place of business at Palazzo della Civiltà Italiana, Quadrato della Concordia n°3, Rome, Italy 00144, which was formerly located at Via Flaminia, 968 Rome, RM  00189 Italy. Fendi Adele, S.r.l is the owner of the federally registered trademarks as discussed in paragraph 15 below, as well as all other intellectual property rights associated with FENDI branded products. FENDI is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks, including those identified in paragraph 15 below, and identified in Schedule "B" hereto. FENDI offers for sale and sells its trademarked goods within the State of Florida, including within this district. Defendants' offers to sell and sales of counterfeit and infringing FENDI branded products are causing damage to FENDI within this jurisdiction. Defendants, through the sale and offering for

2

sale of counterfeit and infringing FENDI branded products, are directly, and unfairly, competing with FENDI's economic interests in the State of Florida and causing FENDI harm within this jurisdiction.

5.     Like many other famous trademark owners in the luxury goods market, FENDI suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit FENDI's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with the FENDI name and associated trademarks and the destruction of the legitimate market sector in which it operates.

6.     In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, FENDI expends significant amounts of money in connection with trademark enforcement efforts, including legal fees and investigative fees. The recent explosion of counterfeiting over the Internet has created an environment that requires companies to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill connected to FENDI's brand.

## THE DEFENDANTS

7.     Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions with lax trademark enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities towards consumers throughout the

United States, including within this district, and conduct pervasive business through the operation of, at least, one fully interactive commercial Internet based e-commerce store via, at least, the Internet marketplace website AliExpress.com under the Seller IDs.

8.      Defendants are the past and present controlling forces behind the sale of products bearing counterfeits and infringements of FENDI's trademarks as described herein using at least the Seller IDs.

9.      Upon information and belief, Defendants directly engage in unfair competition with FENDI by advertising, offering for sale, and/or selling goods bearing counterfeits and infringements of one or more of FENDI's trademarks to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs and additional names or seller identification aliases not yet known to FENDI. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offers to sell, sale and/or shipment of counterfeit and infringing FENDI-branded goods into the State.

10.     Defendants have registered, established or purchased, and maintained their Seller IDs. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms where they sell during the registration or maintenance process related to their respective Seller IDs. Upon information and belief, Defendants have anonymously registered and maintained some of the Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

11.     Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods bearing

4

counterfeit and confusingly similar imitations of FENDI's trademarks unless preliminarily and permanently enjoined.

12.     Defendants' Internet-based businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of FENDI and others.

13.     Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of counterfeit and infringing goods bearing FENDI's trademarks, are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringing scheme and cause harm to FENDI. Moreover, Defendants are using FENDI's famous name and trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of FENDI's legitimate marketplace and intellectual property rights at FENDI's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

14.     FENDI is, and at all times relevant hereto has been, the owner of all rights in and to the trademarks identified on Schedule "B" hereto (collectively, the "FENDI Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office. The FENDI Marks are used in connection with the manufacture and distribution of high quality goods in the categories also identified on Schedule "B" hereto. True and correct copies of the Certificates of Registration for the FENDI Marks are attached hereto as Composite Exhibit "1."

15.     The FENDI Marks have been used in interstate commerce to identify and distinguish FENDI's high quality goods for an extended period of time.

16.     The FENDI Marks are symbols of FENDI's quality, reputation, and goodwill and have never been abandoned.

17.     The FENDI Marks are well-known and famous and have been for many years. FENDI has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the FENDI Marks. The FENDI Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

18.     Further, FENDI has extensively used, advertised, and promoted the FENDI Marks in the United States in association with the sale of high quality luxury goods. FENDI has spent millions of dollars promoting the FENDI Marks and products bearing the FENDI Marks. In recent years, annual sales of products bearing the FENDI Marks have totaled in the hundreds of millions of dollars within the United States.

19.     As a result of FENDI's efforts, members of the consuming public readily identify merchandise bearing or sold under the FENDI Marks, as being high quality luxury goods sponsored and approved by FENDI.

20.     Accordingly, the FENDI Marks have achieved secondary meaning as identifiers of high quality luxury goods.

21.     FENDI has carefully monitored and policed the use of the FENDI Marks and has never assigned or licensed the FENDI Marks to any of the Defendants in this matter.

22.     Genuine FENDI branded goods are widely legitimately advertised and promoted by FENDI, its authorized distributors, and unrelated third parties via the Internet. Over the course of the past ten years, visibility on the Internet, particularly via Internet search engines

6

such as Google, Yahoo!, and Bing has become increasingly important to FENDI's overall marketing and consumer education efforts. Thus, FENDI expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow FENDI and its authorized retailers to fairly and legitimately educate consumers about the value associated with the FENDI brand and the goods sold thereunder.

### Defendants' Infringing Activities

23.     Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods, including, at least, belts, cases for mobile phones, handbags, pillow cases, scarves, sweatshirts, and t-shirts, in interstate commerce bearing counterfeit and infringing trademarks that are exact copies of the FENDI Marks (the "Counterfeit Goods") through at least the Internet based e-commerce stores operating under the Seller IDs. Specifically, upon information and belief, Defendants are using identical copies of the FENDI Marks for different quality goods. FENDI has used the FENDI Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of FENDI's merchandise.

24.     Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially and materially different than that of FENDI's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by FENDI despite Defendants' knowledge that they are without authority to use the FENDI Marks. The net effect of Defendants' actions will cause confusion of consumers, at

the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by FENDI.

25.     Defendants advertise their Counterfeit Goods for sale to the consuming public via e-commerce stores on at least one Internet marketplace website using at least the Seller IDs. In so advertising these goods, Defendants improperly and unlawfully use the FENDI Marks without FENDI's permission. Indeed, Defendants herein misappropriated FENDI's advertising ideas and methods of doing business with regard to the advertisement and sale of FENDI's genuine goods. Upon information and belief, the misappropriation of FENDI's advertising ideas in the form of the FENDI Marks is the proximate cause of damage to FENDI.

26.     As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, all employing and benefitting from substantially similar, paid advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the FENDI Marks. Specifically, Defendants are using counterfeits of FENDI's famous name and the FENDI Marks in order to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers online. By their actions, Defendants have created an illegal marketplace operating in parallel to the legitimate marketplace for FENDI's genuine goods. Defendants are causing concurrent and indivisible harm to FENDI and the consuming public by (i) depriving FENDI and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of FENDI's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the FENDI Marks, and (iii) increasing FENDI's overall cost to market its goods and educate consumers about its brand via the Internet.

27.     Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers and causing harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding FENDI and the consuming public for Defendants' own benefit.

28.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of FENDI's ownership of the FENDI Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

29.     Defendants' use of the FENDI Marks, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of their Counterfeit Goods, is without FENDI's consent or authorization.

30.     Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to FENDI's rights for the purpose of trading on FENDI's goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, FENDI and the consuming public will continue to be harmed.

31.     Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between FENDI's genuine goods and Defendants' Counterfeit Goods, which there is not.

32.     Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to FENDI.

33.     FENDI has no adequate remedy at law.

34.     FENDI is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the FENDI Marks. If Defendants' counterfeiting and infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, FENDI and the consuming public will continue to be harmed.

35.     The harm and damages sustained by FENDI have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

### COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

36.     FENDI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

37.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the FENDI Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit Goods.

38.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods using counterfeits and/or infringements of one or more of the FENDI Marks. Defendants are continuously infringing and inducing others to infringe the FENDI Marks by using them to advertise, promote, and sell counterfeit and infringing goods.

39.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

40.     Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damages to FENDI and are unjustly enriching Defendants with profits at FENDI's expense.

41.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the FENDI Marks in violation of FENDI's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

42.     FENDI has suffered and will continue to suffer irreparable injury and damages due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined. Additionally, Defendants will continue to wrongfully profit from their illegal activities.

### COUNT II - FALSE DESIGNATION OF ORIGIN
### PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

43.     FENDI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

44.     Upon information and belief, Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of the FENDI Marks have been widely advertised and offered for sale throughout the United States via at least one Internet marketplace website.

45.     Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of the FENDI Marks are virtually identical in appearance to FENDI's genuine goods. However, Defendants' Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

46.     Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and

false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to FENDI's detriment.

47.    Defendants have authorized infringing uses of the FENDI Marks, in Defendants' advertisement and promotion of their counterfeit and infringing branded goods. Some Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

48.    Additionally, Defendants are using counterfeits and infringements of the FENDI Marks in order to unfairly compete with FENDI and others for space within search engine organic results, thereby jointly depriving FENDI of a valuable marketing and educational tool which would otherwise be available to FENDI and reducing the visibility of FENDI's genuine goods on the World Wide Web.

49.    Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.    FENDI has no adequate remedy at law, and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and FENDI will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III - COMMON LAW UNFAIR COMPETITION

51.    FENDI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

52.     This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale, of goods bearing marks that are virtually identical, both visually and phonetically, to the FENDI Marks in violation of Florida's common law of unfair competition.

53.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing counterfeits and infringements of the FENDI Marks. Defendants are also using counterfeits and infringements of the FENDI Marks to unfairly compete with FENDI and others for (1) space in search engine results across an array of search terms and (2) visibility on the World Wide Web.

54.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the FENDI Marks.

55.     FENDI has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

56.     FENDI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

57.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the FENDI Marks. FENDI is the owner of all common law rights in and to the FENDI Marks.

58.     Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the FENDI Marks.

59.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the FENDI Marks.

60.     FENDI has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## **PRAYER FOR RELIEF**

61.     WHEREFORE, FENDI demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:

a.     Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the FENDI Marks; from using the FENDI Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with FENDI; from falsely representing themselves as being connected with FENDI, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the

trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with FENDI; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the FENDI Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of FENDI, or in any way endorsed by FENDI and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of FENDI's name or trademarks; and from otherwise unfairly competing with FENDI.

b.      Entry of an Order requiring the Seller IDs, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the FENDI Marks be disabled by the applicable governing Internet marketplace website.

c.      Entry of an Order that, upon FENDI's request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform, cease facilitating access to any or all e-commerce stores through which Defendants engage in the promotion, offering for sale and/or sale of goods bearing counterfeits and/or infringements of the FENDI Marks.

d.      Entry of an Order requiring Defendants to account to and pay FENDI for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to FENDI be trebled, as provided for under 15

U.S.C. § 1117, or, at FENDI's election with respect to Count I, that FENDI be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

       e.     Entry of an award of FENDI's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

       f.     Entry of an Order that, upon FENDI's request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Alibaba.com Hong Kong Limited, Zhejiang Ant Small and Micro Financial Services Company, Ltd., and Alipay.com Co., Ltd., and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to FENDI in partial satisfaction of the monetary judgment entered herein.

       g.     Entry of an award of pre-judgment interest on the judgment amount.

       h.     Entry of an Order for any further relief as the Court may deem just and proper.

DATED: October 18, 2016.                Respectfully submitted,

                                        STEPHEN M. GAFFIGAN, P.A.


                                        By: **s/Stephen M. Gaffigan**
                                        Stephen M. Gaffigan (Fla. Bar No. 025844)
                                        Virgilio Gigante (Fla. Bar No. 082635)
                                        Christine Ann Daley (Fla. Bar No. 98482)
                                        T. Raquel Rodriguez-Albizu (Fla. Bar. No. 103372)
                                        401 East Las Olas Blvd., #130-453
                                        Ft. Lauderdale, Florida 33301
                                        Telephone: (954) 767-4819
                                        Facsimile: (954) 767-4821
                                        E-mail: stephen@smgpa.net
                                        E-mail: leo@smgpa.net
                                        E-mail: christine@smgpa.net
                                        E-mail: Raquel@smgpa.net

                                        Attorneys for Plaintiff, FENDI ADELE, S.R.L.

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER AND SELLER IDS**

| Def. No. | Store Name |
|---|---|
| 1 | chengzhanqiang |
| 2 | China YK Trade co., LTD |
| 3 | Clever life |
| 3 | Foshan Sayes Hardware Lighting Co., Ltd. |
| 4 | Click Buy Luxury Brand Belt |
| 5 | CNLX factory Co.,Ltd |
| 6 | Coolgos Trading Co.,Ltd |
| 7 | Crazy trade** |
| 8 | Designer goods high quality |
| 9 | Digisix Technology Co., Limited |
| 10 | FASHION 5 STORE |
| 11 | Fashion iCover Store |
| 12 | Fashion Womens Scarves |
| 13 | Goddess bag shop |
| 14 | Good quality shop 001 |
| 15 | Good quality shop |
| 16 | HongKong ZhouYuan designer leather goods company |
| 17 | Jiuding leather store |
| 18 | JW Trading Co., LTD |
| 19 | KOY Team |
| 20 | love trade's store |
| 21 | Luxury Brand Bag CO.,LTD |
| 22 | Luxury products market |
| 23 | Niceartpillow |
| 24 | Pujiang ting hao Trading Co.,Ltd. |
| 25 | PXC |
| 26 | red tree home |
| 27 | RF Technology co., LTD. |
| 28 | scarf one |
| 29 | Shenzhen E-World technology Co.,Ltd |
| 30 | The genius of Shakespeare |
| 31 | To new tech co., ltd |
| 32 | TO NEW TECH SHOP |
| 33 | Tony treasure shop |
| 34 | UFashion Co.,Ltd |
| 35 | Whatsapp: + 8615179958467 |
| 36 | world brand clothes |
| 37 | Wuhan Sunny Cashmere Development Ltd |

| Def. No. | Store Name |
|---:|---|
| 38 | Yiwe Apparel Co,.Ltd |
| 39 | zo yo |

**SCHEDULE "B"**
**PLAINTIFF'S FEDERALLY REGISTERED TRADEMARKS**

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| **FF** | 1,267,539 | February 21, 1984 | IC 025 – Fur Coats, Fur Stoles, Fur Pieces, Rainwear, Cloth Coats, Jackets, Skirts, Trousers, Dresses, Hosiery, Shirts, Blouses, Headwear, Scarves, Foulards, Gloves, Ties, Neckwear,  Belts, Swimwear, Shoes, and Boots |
| **FENDI** | 3,940,027 | April 5, 2011 | IC 018 – Leather and imitation leather, furs, umbrellas, parasols, walking sticks, saddlery, animal skins, animal hides, traveling bags, handbags, shoulder bags, briefcases, attache cases, trunks, leatherwear, namely, key cases, purses, wallets, suitcases, backpacks, rucksacks, cosmetic cases sold empty, business card cases, sport bags, waist bags, beach bags, boxes made of leather, pouches, leather straps, general purpose trolley bags. <br><br>IC 025 – Clothing, namely, shirts, t-shirts, sweatshirts, sport shirts, pants, sport pants, trousers, jeans, shorts, skirts, dresses, belts, sweaters, cardigans, pullovers, business suits, suits, waistcoats, smoking jackets, tuxedos, tailcoats, coats, jackets, fur coats, fur jackets, fur shawls, scarves, foulards, neckties, bowties, gloves; waterproof clothing, namely, |

| | | | |
|---|---|---|---|
| | | | waterproof jackets, waterproof pants, waterproof headwear, swimsuits; headbands, caps, hats; footwear, namely, shoes, sport shoes, boots, slippers, sandals. |
|  | 4,036,925 | October 11, 2011 | IC 025 – Clothing, namely, shirts, t-shirts, sweatshirts, sport shirts, pants, sport pants, trousers, jeans, shorts, skirts, dresses, belts, sweaters, cardigans, pullovers, business suits, suits, waistcoats, smoking jackets, tuxedos, tailcoats, coats, jackets, fur coats, fur jackets, fur shawls, scarves, foulards, neckties, bowties, gloves; waterproof clothing, namely, waterproof jackets, waterproof pants, waterproof headwear; swimsuits; headbands, caps, hats; footwear, namely, shoes, sport shoes, boots, slippers, sneakers, sandals. |
|  | 4,362,861 | July 9, 2013 | IC 009 – Eyeglasses, sunglasses, eyeglass and sunglass lenses, eyeglass frames and eyeglass cases; telephones and mobile phones; computers, laptop computers, MP3 players, personal digital assistants; cameras and digital cameras; video cameras; bags, cases and sleeves specially adapted for holding or carrying all the above mentioned goods.<br><br>IC 024 – Bath towels, beach towels; bath linen, table supplies of textile, namely, table linen of textile, table cloths of textile, |

| | | | |
|---|---|---|---|
| | | | napkins of textile; textile coverings, namely, curtains, draperies, unfitted textile slipcovers for bed headboards, sofas and armchairs, and textile coverings for beds, namely, bed sheets, pillow cases, blankets, bedspreads, mattress covers, quilts, comforters, bed skirts; bed linen, wash cloths for use as towels, handkerchiefs of textile. |
| **FENDI** | 4,409,049 | October 1, 2013 | IC 009 – Eyeglasses, sunglasses, eyeglass and sunglass lenses, eyeglass frames and eyeglass cases; telephones and mobile phones; computers, laptop computers, MP3 players, personal digital assistants; cameras and digital cameras; video cameras; bags, cases and sleeves specially adapted for holding or carrying all the above mentioned goods.<br><br>IC 025 – women and children, namely, pullovers, cardigans, sweaters, jerseys, jumpers, jackets, sweatshirts, parkas, bathing suits, blouses, shirts, trousers, jeans, waistcoats, skirts, shorts, T-shirts, dresses, men's suits, coats, raincoats, overcoats, fur coats and jackets, overalls, underwear, vests, hosiery and panty hose, bathrobes, shawls, scarves, neckties, gloves for clothing, belts for clothing, shoes, boots, sandals, slippers, clogs, hats and caps. |